## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Larry D. Jesinoski
and Cheryle Jesinoski,

     Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,
d/b/a AMERICA'S WHOLESALE
LENDER, a subsidiary of Bank of America
N.A., BAC HOME LOANS SERVICING,
LP, a subsidiary of Bank of America, N. A.,
A Texas Limited Partnership F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., A Delaware Corp., JOHN
& JANE DOES 1-10,

     Defendants.

Court File No. 11-CV-474 DWF/FLN

**DEFENDANTS COUNTRYWIDE
HOME LOANS, INC., BAC HOME
LOANS SERVICING, AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S
ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT**

For their timely Answer to Plaintiffs Larry D. Jesinoski and Cheryle Jesinoski's ("Plaintiffs") First Amended Complaint, Defendants Bank of America, N.A. ("BANA"), sued herein as "Countrywide Home Loans, Inc.," and "BAC Home Loans Servicing," and Mortgage Electronic Registrations Systems, Inc. ("MERS") (collectively, "Defendants"), deny each and every thing, fact, matter, and allegation set forth therein except as herein qualified, admitted, or otherwise explained.

Defendants presume that all captions, titles, and headings in Plaintiffs' Amended Complaint, including the statements in the preamble titled "Amended Complaint – Action Involving Real Property," are intended to be non-substantive and do not require specific

1

responses; to the extent that they are intended to be substantive allegations, Defendants hereby deny all such assertions.  Defendants further respond as follows:

## I.  Preliminary Statement:

1.      The allegations in Paragraph purport to state that Plaintiffs have brought an action against certain defendants in order to obtain various relief, and do not call for a response.  To the extent a response is called for, Defendants admit that Plaintiffs claim to seek certain relief, but deny that Plaintiffs have set forth a cognizable cause of action to justify such relief, and further deny that Plaintiffs are entitled to any of the relief sought. Defendants further deny that Countrywide Home Loans, Inc., is a subsidiary of BANA, and deny that BAC Home Loans Servicing is a subsidiary of BANA.  By way of further statement, Defendants state that effective July 2, 2011, BAC Home Loans Servicing, L.P. entered into a merger with BANA, and that BANA is the surviving entity.  Defendants deny the remaining allegations in Paragraph 1 of the Amended Complaint.

2.      The allegations in Paragraph 2 of Plaintiffs' Amended Complaint purport to set forth a legal conclusion, to which no response is called.

3.      The allegations in Paragraph 3 of the Plaintiffs' Amended Complaint are incoherent.  To the extent that the Defendants can understand these allegations, they are denied.

4.      The allegations in Paragraph 4 of the Plaintiffs' Amended Complaint purport to state the relief claimed by Plaintiffs, and further sets forth a legal conclusion. To the extent that an answer is called for as to these allegations, Defendants deny that

Plaintiffs have set forth a cognizable claim for relief, and further deny that Plaintiffs are entitled to any of the relief purportedly sought.

5.      The allegations in Paragraph 5 of Plaintiffs' Amended Complaint purport to set forth a legal conclusion, to which no response is called.  To the extent that an answer is called for as to these allegations, Defendants deny that Plaintiffs have set forth a cognizable claim for relief, and further deny that Plaintiffs are entitled to any of the relief purportedly sought.

## II.      Parties:

6.      With respect to the allegations set forth in the first sentence of Paragraph 6 of the Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge or information to admit or deny these allegations, and accordingly deny same, putting Plaintiffs on their full burden of proof.  The allegations in the second sentence of Paragraph 6 purport to set forth a legal conclusion to which no response is called.

7.      Defendants admit the allegations in the first sentence of Paragraph 7 of the Plaintiffs' Amended Complaint.  The remaining allegations in Paragraph 7 of Plaintiffs' Amended Complaint purport to set forth a legal conclusion, to which no response is called.

8.      Defendants admit the allegations in the third sentence of Paragraph 8 of the Plaintiffs' Amended Complaint, and deny the remaining allegations.

9.      Defendants admit the allegations in the first and fifth sentences of Paragraph 9 of Plaintiffs' Amended Complaint, and deny the remaining allegations.

10.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 10 of the Plaintiffs' Amended Complaint, and accordingly deny same, putting Plaintiffs to their full burden of proof.

### III.     Jurisdiction and Venue:

11.     The allegations in Paragraph 11 of Plaintiffs' Amended Complaint purport to set forth legal conclusions, to which no response is called.  To the extent a response is called for, Defendants admit that jurisdiction is proper in this Court, and deny the remaining allegations.

12.     The allegations in Paragraph 12 of Plaintiffs' Amended Complaint purport to set forth legal conclusions, to which no response is called.  To the extent a response is called for, Defendants admit that venue is proper in this Court, and deny the remaining allegations.

### IV.     Alleged Conditions Precedent:

13.     The allegations in Paragraph 13 of Plaintiffs' Amended Complaint purport to set forth legal conclusions, to which no response is called.  To the extent a response is called for, Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

14.     The allegations in Paragraph 14 of Plaintiffs' Amended Complaint purport to set forth legal conclusions, to which no response is called.  To the extent a response is called for, Defendants admit that allegations are vague and incoherent and as phrased are not subject to an admission or denial.

## V.     Statement of Facts Purportedly Material to the Transaction:

15.     The allegations in Paragraph 15 of the Plaintiffs' Amended Complaint purport to frame the nature of the Amended Complaint, and do not call for a response. To the extent that a response is called for, admit that the real property which secured the Plaintiffs' Note is located at 4165 Cashell Glen, Eagan, Minnesota.

16.     Defendants admit the allegations in Paragraph 16 of the Amended Complaint.

17.     Defendants admit the allegations in Paragraph 17 of the Plaintiffs' Amended Complaint.   By way of further statement, Defendants state that these allegations purport to characterize Plaintiffs' February 23, 2007 Note, and allege that the Note is a written document which speaks for itself, and deny all allegations that are inconsistent with or unsupported by the Note.

18.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 18 of the Plaintiffs' Amended Complaint, and accordingly deny same, putting Plaintiffs on their full burden to prove same.   To the extent that the allegations in Paragraph 18 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

19.     Defendants deny the allegations in Paragraph 19, and affirmatively allege that Plaintiffs were provided all required material disclosures at closing.

20.     Defendants deny the allegations in Paragraph 20, and affirmatively allege that Plaintiffs were provided all required material disclosures at closing.

5

21.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 21 of the Plaintiffs' Amended Complaint, and accordingly deny same, putting Plaintiffs on their full burden to prove same.   To the extent that the allegations in Paragraph 21 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

22.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 22 of the Plaintiffs' Amended Complaint, and accordingly deny same, putting Plaintiffs on their full burden to prove same.   To the extent that the allegations in Paragraph 22 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

23.     The allegations in Paragraph 23 purport to characterize the February 23, 2007 Note, and Defendants allege that this document is in writing and speaks for itself, and deny all allegations contrary to or unsupported by this document.

24.     The allegations in Paragraph 24 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

25.     The allegations in Paragraph 25 of the Plaintiffs' Amended Complaint purport to characterize the February 23, 2007 Mortgage, and Defendants allege that this document is in writing and speaks for itself, and deny all allegations contrary to or unsupported by this document.

26.     The allegations in Paragraph 26 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

27.     The allegations in Paragraph 27 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

28.     The allegations in Paragraph 28 purport to characterize documents, and Defendants allege that these documents are in writing and speak for themselves, and deny all allegations inconsistent with or contrary to these documents.

29.     The allegations in Paragraph 29 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

30.     With respect to the allegations in the first sentence of Paragraph 30, Defendants admit that on or about February 23, 2010, Plaintiffs purported to exercise a supposed right to rescind, but deny that Plaintiffs had any such right to exercise.  The allegations in the second sentence of Paragraph 30 are incoherent and are accordingly denied.

31.     Defendants admit that they received Plaintiffs' purported rescission letter, and that upon review, it was determined that Plaintiffs had no right to rescind.

32.     Defendants deny the allegations in Paragraph 32.  By way of further statement, Defendants state that Defendant BAC Home Loan Servicing, L.P., timely responded in writing to Plaintiffs' purported rescission notice, denying Plaintiffs' purported exercise of rescission because Plaintiffs had no such right to rescind. Defendants further allege that this letter is in writing and speaks for itself.

33.   Defendants deny the allegations in Paragraph 33.   By way of further statement, Defendants state that Defendant BAC Home Loan Servicing, L.P., timely responded in writing to Plaintiffs' purported rescission notice, denying Plaintiffs' purported exercise of rescission because Plaintiffs had no such right to rescind. Defendants further allege that this letter is in writing and speaks for itself.

## VI.   Purported Claims for Relief:

## DEMAND FOR ALLEGED RESCISSION

34.   With respect to the allegations in the first sentence of Paragraph 34, Defendants deny that Plaintiffs have any right to rescind and affirmatively allege that Plaintiffs' purported exercise of rescission is invalid and void *ab initio*.   The allegations in the second sentence of Paragraph 34 of the Plaintiffs' Amended Complaint consist of purported legal citations to which no response is called.   With respect to the allegations in the third sentence of Paragraph 34, Defendants allege that Plaintiffs' purported "offer to tender" is legally insufficient and factually unsupported.   By way of further statement, Plaintiffs have alleged no current ability to tender back the full amount of the loan proceeds reflected in the February 23, 2007 Note.

**Count 1:**

## TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

35.   With respect to the allegations contained in this section of the Amended Complaint, Defendants repeat and re-allege each and every admission, denial, averment and statement contained in this Answer with the same force and effect as thought set forth here in full.

8

36.    The allegations in Paragraph 36 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

37.    The allegations in Paragraph 37 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 37 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

38.    The allegations in Paragraph 38 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 38 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

39.    The allegations in Paragraph 39 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 39 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

40.    The allegations in Paragraph 40 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

41.    The allegations in Paragraph 41 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 41 purport to characterize the February 23, 2007 Note and

9

Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

42.     The allegations in Paragraph 42 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 42 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

43.     The allegations in Paragraph 43 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 43 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

44.     The allegations in Paragraph 44 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 44 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

45.     The allegations in Paragraph 45 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  To the extent that the allegations in Paragraph 45 purport to characterize the February 23, 2007 Note and Mortgage, Defendants allege that these documents are in writing and speak for themselves, and deny all allegations contrary to or unsupported by these documents.

46.     The allegations in Paragraph 46 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

47.     Defendants deny the allegations in Paragraph 47 of the Plaintiffs' Amended Complaint, including all allegations in each of subparagraphs (a), (b), and (c).

48.     The allegations in Paragraph 48 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

49.     Defendants deny the allegations in Paragraph 49 of the Plaintiffs' Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Plaintiffs' Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Plaintiffs' Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Plaintiffs' Amended Complaint.

**Count 2:     Purported But Invalid Rescission of Security Interest**

53.     With respect to the allegations contained in this section of the Amended Complaint, Defendants repeat and re-allege each and every admission, denial, averment and statement contained in this Answer with the same force and effect as thought set forth here in full.

54.     With respect to the allegations in Paragraph 54 of the Plaintiffs' Amended Complaint, Defendants deny that Plaintiffs have any right to rescind, deny that Plaintiffs

are entitled to any equitable relief, and affirmatively allege that Plaintiffs' purported exercise of rescission is invalid and void *ab initio.*

55.    With respect to the allegations in Paragraph 55 of the Plaintiffs' Amended Complaint, Defendants deny that Plaintiffs have any right to rescind, deny that Plaintiffs are entitled to any equitable relief, and affirmatively allege that Plaintiffs' purported exercise of rescission is invalid and void *ab initio.*

56.    With respect to the allegations in the first sentence of Paragraph 56 of the Plaintiffs' Amended Complaint, Defendants deny that Plaintiffs have any right to rescind, deny that Plaintiffs are entitled to any equitable relief, and affirmatively allege that Plaintiffs' purported exercise of rescission is invalid and void *ab initio.*   The allegations in the second sentence of Paragraph 56 are incoherent, and are accordingly denied.   By way of further statement, Defendants allege that Plaintiffs' allegation that "no tender obligations has arisen" is admitted because Plaintiffs have no right to rescind and their purported exercise of rescission is invalid.   If Plaintiffs hypothetically had a valid right to rescind they would be obligated to immediately tender back the full amount of the loan proceeds provided pursuant to the February 23, 2007 Note.   Defendants further allege that Plaintiffs have failed to allege any present ability to tender back these funds.

**Count 3:**

**Servicing a Mortgage Loan in Alleged Violation Of Standards of Conduct**

**Minn. Stat. § 58.13**

57.    With respect to the allegations contained in this section of the Amended Complaint, Defendants repeat and re-allege each and every admission, denial, averment

12

and statement contained in this Answer with the same force and effect as thought set forth here in full.

58.     The allegations in Paragraph 58 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  Defendants further state that Plaintiffs' purport quotation of Minn. Stat. § 58.13 is incomplete and therefore inaccurate.

59.     The allegations in Paragraph 59 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.

60.     The allegations in Paragraph 60 of the Plaintiffs' Amended Complaint purport to state a legal conclusion to which no response is called.  Defendants further state that Plaintiffs' quotation of Minn. Stat. § 58.13 subd. 1(8) is incomplete and therefore inaccurate.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiffs' Amended Complaint, including the allegations in subparagraphs (A), (B), (C), and (D).

**Count 4:**

**Plaintiffs' Purported Cause of Action under Minn. Stat. § 8.31**

63.     With respect to the allegations contained in this section of the Amended Complaint, Defendants repeat and re-allege each and every admission, denial, averment and statement contained in this Answer with the same force and effect as thought set forth here in full.

64.     Defendants deny the allegations in Paragraph 64 of the Plaintiffs' Complaint.

65.     The allegations in Paragraph 65 purport to quote, incompletely, from Minn. Stat. § 58.18 Subd. 2.  To the extent that these quotations purport to state a principle of law, Defendants allege that no response to these allegations is required.  Defendants further state that because the quotation is incomplete it is out of context and therefore inaccurate.  Defendants further state that the present action is not in the public interest.

### VII.   Purported Jury Trial Demand:

Defendants deny that Plaintiffs are entitled to any relief, including a trial by jury.

### VIII.   Prayer for Purported Relief:

Defendants deny all allegations contained in the WHEREFORE clause immediately following Section VII and Paragraph 65 of the Plaintiffs' Amended Complaint.  Defendants further deny that Plaintiffs have either alleged a cognizable claim for any such relief, and further deny that Plaintiffs have any ultimate right to such relief on the merits of their putative claims.

### <u>GENERAL DENIAL</u>

Defendants deny all allegations and/or legal conclusions set forth in the Amended Complaint that have not previously been specifically admitted, denied, or explained.

### <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Further answering and by way of defense, Defendants state as follows:

1.     The Amended Complaint fails to state a claim upon which relief may be granted.

14

2.      Plaintiffs' claims are barred by the doctrines of unclean hands and waiver.

3.      The allegations in the Amended Complaint are barred in whole or in part by the documentary evidence.

4.      The allegations in the Amended Complaint are barred because Plaintiffs have failed to allege sufficient facts to rebut the presumption of receipt of the mandatory disclosures created by Plaintiffs' signatures acknowledging receipt.

5.      Plaintiffs' claims for rescission and all other equitable claims are time-barred under laches and applicable statutes of limitations.

6.      Plaintiffs' claims for damages and all other legal claims are time-barred under applicable statutes of limitations.

7.      Plaintiffs' claims for rescission are barred by their failure to allege a present ability to tender back all loan proceeds reflected in the February 23, 2007 Note.

### Reservation of Rights to Assert Additional Affirmative Defenses

Defendants reserve the rights to assert any and all additional affirmative defenses about which Defendants currently have insufficient knowledge or information upon which to form a believe as to whether such defenses are available.

WHEREFORE Defendants deny that Plaintiffs are entitled to any relief, and demand judgment in their favor on all claims and such other relief as the Court deems just and equitable, including costs and fees provided by law.

Dated:  August 22, 2011

/s/ Andre Hanson
Ronn B. Kreps (#0151142)
Andre Hanson (#0258234)
Leaf Dilts McGregor (#0389140)
**Fulbright & Jaworski L.L.P.**
2100 IDS Center, 80 S. Eighth Street
Minneapolis, MN 55402-2112
(612) 321-2800
fax: (612) 321-2288
Attorneys for Defendant Countrywide Home
Loans, Inc., BAC Home Loans Servicing, and
Mortgage Electronic Registration Systems, Inc.

16