**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Larry D. Jesinoski and Cheryle Jesinoski, individuals, | Civil No. 11-474 (DWF/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, subsidiary of Bank of America N.A.; BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., a Texas Limited Partnership f/k/a Countrywide Home Loans Servicing, LP; and Mortgage Electronic Registration Systems, Inc., a Delaware Corporation; and John and Jane Does 1-10, | |
| Defendants. | |

Michael J. Keogh, Esq., Keogh Law Office, counsel for Plaintiffs.

Andre T. Hanson, Esq., Ronn B. Kreps, Esq., and Sparrowleaf Dilts McGregor, Esq., Fulbright & Jaworski LLP, counsel for Defendants.

**INTRODUCTION**

This matter is before the Court on a Motion for Judgment on the Pleadings brought by Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration

Systems ("MERS") (together, "Defendants") (Doc. No. 13).[1] For the reasons set forth below, the Court grants Defendants' motion.

## BACKGROUND

On February 23, 2007, Plaintiffs refinanced their home in Eagan, Minnesota, by borrowing $611,000 from Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, a predecessor-in-interest of BANA. (Doc. No. 7, Am. Compl. ¶¶ 7, 15, 16 & 17.) MERS also gained a mortgage interest in the property. (*Id*. ¶ 25.)

Plaintiffs received a Truth in Lending Act ("TILA") disclosure and the Notice of Right to Cancel at the loan closing. (*Id*. ¶¶ 19, 20, Exs. A & B.) Plaintiffs allege that they received insufficient numbers of copies of the TILA notice and disclosure. (*Id.* ¶ 47.) Defendants assert that Plaintiffs signed the disclosures, each acknowledging the "receipt of two copies of <u>NOTICE OF RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement." (Doc. No. 16, Hanson Decl. ¶ 3, Exs. A & B.)[2] The Right to Cancel gave Plaintiffs until midnight on February 27, 2007 to rescind. (*Id*.)

---

[1] According to Defendants, Countrywide HomeLoans, Inc. was acquired by BANA in 2008, and became BAC Home Loans Servicing, LP ("BACHLS"), and in July 2011, BACHLS merged with BANA. (Doc. No. 15 at 1 n.1.) Thus, the only two defendants in this case are BANA and MERS.

[2] The Court properly considers these materials because they are necessarily embraced by the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). *See also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357. The Court notes that Plaintiff attached unsigned copies of the same documents to their Amended Complaint. (Am. Compl. ¶¶ 19, 20, Exs. A & B.)

Plaintiffs did not exercise their right to cancel and the loan funded. Plaintiffs used their loan proceeds to "pa[y] off multiple consumer debts." (Am. Compl. ¶ 22.)

On February 23, 2010, Plaintiffs purported to rescind the loan by mailing a letter to "all known parties in interest." (*Id.* ¶ 30.) On March 12, 2010, BACHLS denied Plaintiffs' request to rescind. (*Id.* ¶ 32.) On February 24, 2011, Plaintiffs filed the present action. (Doc. No. 1, Compl.) By agreement of the parties, Plaintiffs filed their Amended Complaint on July 22, 2011. (Am. Compl.) In their Amended Complaint, Plaintiffs assert four causes of action: Count 1—Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; Count 2—Rescission of Security Interest; Count 3—Servicing a Mortgage Loan in Violation of Standards of Conduct, Minn. Stat. § 58.13; and Count 4—Plaintiffs' Cause of Action under Minn. Stat. § 8.31. At the heart of Plaintiffs' action is their request that the Court declare the mortgage transaction rescinded and for statutory damages related to defendants' purported failure to rescind. Defendants now move for judgment on the pleadings with respect to all of Plaintiffs' claims.

## DISCUSSION

### I. Judgment on the Pleadings Standard

A court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Rule 12(b)(6). *See Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Defendants' Motion

Defendants have moved for judgment on the pleadings with respect to all of Plaintiffs' claims. All of Plaintiffs' claims stem from Defendants' alleged violation of TILA—namely, that Plaintiffs did not receive the required number of disclosures at the

closing.³  Because the Court concludes that Plaintiffs' TILA-based claims are time-barred, Defendants' motion is properly granted.

TILA imposes a three-year statute of repose on claims for rescission.  *See* 15 U.S.C. § 1635(f).  Here, Plaintiffs closed on the loan on February 23, 2007.  (Am. Compl. ¶¶ 17-20; Hanson Decl. ¶ 3, Exs. A & B.)  Thus, the three-year period expired on or around February 23, 2010.  Plaintiffs argue that, because they sent Defendants a notice of rescission on February 23, 2010, their TILA-based rescission claims are timely.  Defendants counter that Plaintiffs' suit is barred because Plaintiffs did not commence this action until February 24, 2011, approximately one year after the three-year period expired.

This Court and other courts in this district have recently considered the issue of whether a claim for rescission survives the three-year period if a borrower sends a rescission request within the three-year period, but fails to file suit until after the three-year period expires.  *See Beaukes v. GMA Mortgage, LLC*, Civ. No. 10-4551, 2012 WL 1204635, at *2 (D. Minn. April 11, 2012); *Dietz v. Beneficial Loan and Thrift Co.*, Civ. No. 10-3752, 2011 WL 6739504, at *3-4 (D. Minn. Dec. 22, 2011); *Geraghty v. BAC Home Loans Servicing LP*, Civ. No. 11-336, 2011 WL 3920248, at *3 (D. Minn.

---

³ Plaintiffs' assertion that they did not receive the required number of disclosures is undermined by documents submitted by Defendants demonstrating that Plaintiffs signed the disclosure documents acknowledging receipt by each Plaintiff of sufficient copies. (*See* Hanson Decl. ¶ 3, Exs. A & B.)  However, for purposes of the present motion, the Court assumes without deciding that Plaintiffs have pled a plausible claim that they did not receive the required documents at the closing.

Sept. 7, 2011); *Sobieniak v. BAC Home Loans Servicing, LP*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (D. Minn. Dec. 8, 2011). In each of these cases, the court concluded that a plaintiff's suit for rescission is barred by section 1635(f) if the suit is not filed within the statutory three-year period. *See Geraghty*, Civ. No. 11-336, 2011 WL 3920248, at *3 (noting a circuit split and no Eighth Circuit authority on the issue; siding with the majority and holding that a legal claim for rescission under section 1635 must be filed within the three-year statute of repose); *Sobieniak*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (noting that "[t]he majority of courts to address this question hold that such a suit is barred by § 1635(f)" and holding that the plaintiffs' claim was barred because they did not file suit until after the three-year period passed).

The Court echoes its decisions in *Beaukes* and *Dietz* and agrees with the decisions of both the *Geraghty* and *Sobieniak* courts insofar as they hold that a suit for rescission filed more than three years after consummation of an eligible transaction is barred by TILA's statute of repose. Here, there is no dispute that Plaintiffs failed to file suit within the three-year period. Thus, their claims are time-barred.

Because Plaintiffs cannot demonstrate that Defendants violated TILA, Plaintiffs' state-law claims likewise fail. Consequently, the Court grants Defendants' motion for judgment on the pleadings in its entirety. Defendants are thus entitled to judgment on all counts (Counts 1 through 4) of Plaintiffs' Amended Complaint.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. No. [13]) is **GRANTED**.

6

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 19, 2012              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge