## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Larry D. Jesinoski and Cheryle
Jesinoski, individuals,

        Plaintiffs,

v.

Countrywide Home Loans, Inc.,
d/b/a America's Wholesale Lender,
subsidiary of Bank of America N.A.;
BAC Home Loans Servicing, LP, a
subsidiary of Bank of America, N.A.,
a Texas Limited Partnership f/k/a
Countrywide Home Loans Servicing,
LP; Mortgage Electronic Registration
Systems, Inc., a Delaware Corporation;
and John and Jane Does 1-10,

        Defendants.

Civil No. 11-474 (DWF/FLN)

**MEMORANDUM
OPINION AND ORDER**

---

Bryan R. Battina, Esq., Trepanier MacGillis Battina P.A.; and Daniel P.H. Reiff, Esq.,
Reiff Law Office, PLLC, counsel for Plaintiffs.

Andre T. Hanson, Esq., Ronn B. Kreps, Esq., and Joseph Mrkonich, Esq.,
Fulbright & Jaworski LLP; and Sparrowleaf Dilts McGregor, Esq., Norton Rose
Fulbright US LLP, counsel for Defendants.

---

## INTRODUCTION

    This matter is before the Court on a Motion for Summary Judgment brought by

Defendants Countrywide Home Loans, Inc. ("Countrywide"), Bank of America, N.A.

("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") (together,

"Defendants") (Doc. No. 51).[1]  For the reasons set forth below, the Court grants

Defendants' motion.

## BACKGROUND

### I.      Factual Background

This "Factual Background" section reiterates, in large part, the "Background"

section included in the Court's April 19, 2012 Memorandum Opinion and Order.  (Doc.

No. 23.)

On February 23, 2007, Plaintiffs Larry Jesinoski and Cheryle Jesinoski

(collectively, "Plaintiffs") refinanced their home in Eagan, Minnesota, by borrowing

$611,000 from Countrywide, a predecessor-in-interest of BANA.  (Doc. No. 7 ("Am.

Compl.") ¶¶ 7, 15, 16, 17; Doc. No. 55 ("Hanson Decl.") ¶ 5, Ex. D ("L. Jesinoski Dep.")

at 125.)  MERS also gained a mortgage interest in the property.  (Am. Compl. ¶ 25.)

Plaintiffs used the loan to pay off existing loan obligations on the property and other

consumer debts.  (L. Jesinoski Dep. at 114-15; Hanson Decl. ¶ 6, Ex. E ("C. Jesinoski

Dep.") at 49-50; Am. Compl. ¶ 22.)[2]  The refinancing included an interest-only,

adjustable-rate note.  (L. Jesinoski Dep. at 137.)  Plaintiffs wanted these terms because

---

[1]     According to Defendants, Countrywide was acquired by BANA in 2008, and
became BAC Home Loans Servicing, LP ("BACHLS"), and in July 2011, BACHLS
merged with BANA.  (Doc. No. 15 at 1 n.1.)  Thus, the only two defendants in this case
are BANA and MERS.

[2]     Larry Jesinoski testified that he had been involved in about a half a dozen
mortgage loan closings, at least three of which were refinancing loans, and that he is
familiar with the loan closing process.  (L. Jesinoski Dep. at 150-51.)

they intended to sell the property.  (L. Jesinoski Dep. at 125-26, 137; C. Jesinoski Dep. at 38, 46-7.)

At the closing on February 23, 2007, Plaintiffs received and executed a Truth in Lending Act ("TILA") Disclosure Statement and the Notice of Right to Cancel.  (Doc. No. 56 (Jenkins Decl.) ¶¶ 5, 6, Exs. C & D; L. Jesinoski Dep. at 61, 67, 159; C. Jesinoski Dep. at 30-33; Hanson Decl. ¶¶ 2-3, Exs. A & B.)  By signing the Notice of Right to Cancel, each Plaintiff acknowledged the "receipt of two copies of <u>NOTICE of RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement." (Jenkins Decl. ¶¶ 5, 6, Exs. C & D.)  Per the Notice of Right to Cancel, Plaintiffs had until midnight on February 27, 2007, to rescind.  (*Id.*)  Plaintiffs did not exercise their right to cancel, and the loan funded.

In February 2010, Plaintiffs paid $3,000 to a company named Modify My Loan USA to help them modify the loan.  (L. Jesinoski Dep. at 79-81; C. Jesinoski Dep. at 94-95.)  The company turned out to be a scam, and Plaintiffs lost $3,000.  (L. Jesinoski Dep. at 79-81.)  Plaintiffs then sought modification assistance from Mark Heinzman of Financial Integrity, who originally referred Plaintiffs to Modify My Loan USA.  (*Id.* at 86.)  Plaintiffs contend that Heinzman reviewed their loan file and told them that certain disclosure statements were missing from the closing documents, which entitled Plaintiffs to rescind the loan.  (*Id.* at 88-91.)[3]  Since then, and in connection with this

---

[3]      Plaintiffs claim that upon leaving the loan closing they were given a copy of the closing documents, and then brought the documents straight home and placed them in

(Footnote Continued on Next Page)

litigation, Heinzman submitted a declaration stating that he has no documents relating to Plaintiffs and does not recall Plaintiffs' file.  (Hanson Decl. ¶ 4, Ex. C ("Heinzman Decl.") ¶ 4.)[4]

On February 23, 2010, Plaintiffs purported to rescind the loan by mailing a letter to "all known parties in interest."  (Am. Compl. ¶ 30; L. Jesinoski Dep., Ex. 8.)  On March 16, 2010, BANA denied Plaintiffs' request to rescind because Plaintiffs had been provided the required disclosures, as evidenced by the acknowledgments Plaintiffs signed.  (Am. Compl. ¶ 32; L. Jesinoski Dep., Ex. 9.)

## II.    Procedural Background

On February 24, 2011, Plaintiffs filed the present action.  (Doc. No. 1.)  By agreement of the parties, Plaintiffs filed their Amended Complaint, in which Plaintiffs assert four causes of action:  Count 1—Truth in Lending Act, 15 U.S.C. § 1601, *et seq*.; Count 2—Rescission of Security Interest; Count 3—Servicing a Mortgage Loan in Violation of Standards of Conduct, Minn. Stat. § 58.13; and Count 4—Plaintiffs' Cause of Action under Minn. Stat. § 8.31.  At the heart of all of Plaintiffs' claims is their request

---

(Footnote Continued From Previous Page)

L. Jesinoski's unlocked file drawer, where they remained until they brought the documents to Heinzman.

[4]    At oral argument, counsel for Plaintiffs requested leave to depose Heinzman in the event that the Court views his testimony as determinative.  The Court denies the request for two reasons.  First, it appears that Plaintiffs had ample opportunity to notice Heinzman's deposition during the discovery period, but did not do so.  Second, Heinzman's testimony will not affect the outcome of the pending motion, and therefore, the request is moot.

that the Court declare the mortgage transaction rescinded and order statutory damages related to Defendants' purported failure to rescind.

Plaintiffs do not dispute that they had an opportunity to review the loan documents before closing.  (L. Jesinoski Dep. at 152-58; C. Jesinoski Dep. at 56.)  Although Plaintiffs each admit to signing the acknowledgement of receipt of two copies of the Notice of Right to Cancel, they now contend that they did not each receive the correct number of copies as required by TILA's implementing regulation, Regulation Z.  (Am. Compl. ¶ 47 (citing C.F.R. §§ 226.17(b) & (d), 226.23(b)).)

Earlier in this litigation, Defendants moved for judgment on the pleadings based on TILA's three-year statute of repose.  In April 2012, the Court issued an order granting Defendants' motion, finding that TILA required a plaintiff to file a lawsuit within the 3-year repose period, and that Plaintiffs had filed this lawsuit outside of that period. (Doc. No. 23 at 6.)  The Eighth Circuit affirmed.  *Jesinoski v. Countrywide Home Loans, Inc.*, 729 F.3d 1092 (8th Cir. 2013).  The United States Supreme Court reversed, holding that a borrower exercising a right to TILA rescission need only provide his lender written notice, rather than file suit, within the 3-year period.  *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).  The Eighth Circuit then reversed and remanded the case for further proceedings.  (Doc. No. 38.)  After engaging in discovery, Defendants now move for summary judgment.

**DISCUSSION**

## I.    Summary Judgment Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Courts must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009).  However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

## II.    TILA

Defendants move for summary judgment with respect to Plaintiffs' claims, all of which stem from Defendants' alleged violation of TILA—namely, failing to give Plaintiffs the required number of disclosures and rescission notices at the closing.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . ." 15 U.S.C. § 1601(a).  In transactions, like the one here, secured by a principal dwelling, TILA gives borrowers an unconditional three-day right to rescind.  15 U.S.C. § 1635(a); *see also id*. § 1641(c) (extending rescission to assignees).  The three-day rescission period begins upon the consummation of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs later.  *Id*. § 1635(a).  Required disclosures must be made to "each consumer whose ownership interest is or will be subject to the security interest" and must include two copies of a notice of the right to rescind.  12 C.F.R. § 226.23(a)-(b)(1).  If the creditor fails to make the required disclosures or rescission notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f); *see* 12 C.F.R. § 226.23(a)(3).

If a consumer acknowledges in writing that he or she received a required disclosure or notice, a rebuttable presumption of delivery is created:

> Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

15 U.S.C. §1635(c).

## A.     Number of Disclosure Statements

Plaintiffs claim that Defendants violated TILA by failing to provide them with a sufficient number of copies of the right to rescind and the disclosure statement at the

closing of the loan.  (Am. Compl. ¶ 47.)  Defendants assert that Plaintiffs' claims (both

TILA and derivative state-law claims) fail as a matter of law because Plaintiffs signed an

express acknowledgement that they received all required disclosures at closing, and they

cannot rebut the legally controlling presumption of proper delivery of those disclosures.

It is undisputed that at the closing, each Plaintiff signed an acknowledgement that

each received *two* copies of the Notice of Right to Cancel.  Plaintiffs argue, however, that

no presumption of proper delivery is created here because Plaintiffs acknowledged the

receipt of two copies total, not the required four (two for each of the Plaintiffs).  In

particular, both Larry Jesinoski and Cheryle Jesinoski assert that they "read the

acknowledgment . . . to mean that both" Larry and Cheryle "acknowledge receiving two

notices total, not four."  (Doc. No. 60 ("L. Jesinoski Decl.") ¶ 3; Doc. No. 61

("C. Jesinoski Decl.") ¶ 3.)  Thus, Plaintiffs argue that they read the word "each" to mean

"together," and therefore that they collectively acknowledged the receipt of only two

copies.

The Court finds this argument unavailing.  The language in the Notice is

unambiguous and clearly states that "[t]he undersigned *each* acknowledge receipt of two

copies of <u>NOTICE of RIGHT TO CANCEL</u> and one copy of the Federal Truth in

Lending Disclosure Statement."  (Jenkins Decl. ¶¶ 5, 6, Exs. C & D (italics added).)

Plaintiffs' asserted interpretation is inconsistent with the language of the

acknowledgment.  The Court instead finds that this acknowledgement gives rise to a

rebuttable presumption of proper delivery of two copies of the notice to each Plaintiff.

*See, e.g.*, *Kieran v. Home Cap., Inc.*, Civ. No. 10-4418, 2015 WL 5123258, at *1, 3

(D. Minn. Sept. 1, 2015) (finding the creation of a rebuttable presumption of proper delivery where each borrower signed an acknowledgment stating that they each received a copy of the disclosure statement—"each of [t]he undersigned acknowledge receipt of a complete copy of this disclosure").[5]

The only evidence provided by Plaintiffs to rebut the presumption of receipt is their testimony that they did not receive the correct number of documents.  As noted in *Kieran*, this Court has consistently held that statements merely contradicting a prior signature are insufficient to overcome the presumption.  *Kieran*, 2015 WL 5123258, at *3-4 (citing *Gomez v. Market Home Mortg., LLC*, Civ. No. 12-153, 2012 WL 1517260, at *3 (D. Minn. April 30, 2012) (agreeing with "the majority of courts that mere testimony to the contrary is insufficient to rebut the statutory presumption of proper delivery")); *see also Lee*, 692 F.3d at 451 (explaining that a notice signed by both borrowers stating "[t]he undersigned each acknowledge receipt of two copies of [notice]" creates "a presumption of delivery that cannot be overcome without specific evidence demonstrating that the borrower did not receive the appropriate number of copies"); *Golden v. Town & Country Credit*, Civ. No. 02-3627, 2004 WL 229078, at *2 (D. Minn.

---

[5]     *See also, e.g.*, *Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442, 451 (6th Cir. 2012) (rebuttable presumption arose where each party signed an acknowledgement of receipt of two copies); *Hendricksen v. Countrywide Home Loans*, Civ. No. 09-82, 2010 WL 2553589, at *4 (W.D. Va. June 24, 2010) (rebuttable presumption of delivery of two copies of TILA disclosure arose where plaintiffs each signed disclosure stating "[t]he undersigned further acknowledge receipt of a copy of this Disclosure for keeping prior to consumption").

Feb. 3, 2004) (finding deposition testimony insufficient to overcome presumption); *Gaona v. Town & Country Credit*, Civ. No. 01-44, 2001 WL 1640100, at *3 (D. Minn. Nov. 20, 2001) ) ("[A]n allegation that the notices are now not contained in the closing folder is insufficient to rebut the presumption."), *aff'd in part, rev'd in part*, 324 F.3d 1050 (8th Cir. 2003).

Plaintiffs, however, contend that their testimony is sufficient to rebut the presumption and create a factual issue for trial.  Plaintiffs rely primarily on the Eighth Circuit's decision in *Bank of North America v. Peterson*, 746 F.3d 357, 361 (8th Cir. 2014), *cert. granted, judgment vacated*, 135 S. Ct. 1153 (2015), *and opinion vacated in part, reinstated in part*, 782 F.3d 1049 (8th Cir. 2015).  In *Peterson*, the plaintiffs acknowledged that they signed the TILA disclosure and rescission notice at their loan closing, but later submitted affidavit testimony that they had not received their TILA disclosure statements at closing.  *Peterson*, 764 F.3d at 361.  The Eighth Circuit determined that this testimony was sufficient to overcome the presumption of proper delivery.  *Id*.  The facts of this case, however, are distinguishable from those in *Peterson*. In particular, the plaintiffs in *Peterson* testified that at the closing, the agent took the documents after they had signed them and did not give them *any* copies.  *Id*.  Here, it is undisputed that Plaintiffs left with copies of their closing documents.  (L. Jesinoski Dep. at 94-95.)  In addition, Plaintiffs did not testify unequivocally that they did not each receive two copies of the rescission notice.  Instead, they have testified that they do not know what they received.  (*See, e.g.*, *id*. at 161.)  Moreover, Cheryle Jesinoski testified

that she did not look through the closing documents at the time of closing, and therefore cannot attest to whether the required notices were included.  (C. Jesinoski Dep. at 85.)[6]

Based on the evidence in the record, the Court determines that the facts of this case are more line with cases that have found that self-serving assertions of non-delivery do not defeat the presumption.  Indeed, the Court agrees with the reasoning in *Kieran*, which granted summary judgment in favor of defendants under similar facts, and which was decided after the Eighth Circuit issued its decision in *Peterson*.  Accordingly, Plaintiffs have not overcome the rebuttable presumption of proper delivery of TILA notices, and Defendants' motion for summary judgment is granted as to the Plaintiffs' TILA claims.

## B.      Ability to Tender

Defendants also argue that Plaintiffs' claims fails as a matter of law on a second independent basis—Plaintiffs' admission that they do not have the present ability to tender the amount of the loan proceeds.  Rescission under TILA is conditioned on repayment of the amounts advanced by the lender.  *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1170 (9th Cir. 2003).  This Court has concluded that it is appropriate to dismiss rescission claims under TILA at the pleading stage based on a plaintiff's failure

---

[6]      This case is also distinguishable from *Stutzka v. McCarville,* 420 F.3d 757, 762 (8th Cir. 2005), a case in which a borrower's assertion of non-delivery was sufficient to overcome the statutory presumption.  In *Stutzka*, the plaintiffs signed acknowledgements that they received required disclosures but left the closing without *any* documents. *Stutzka*, 420 F.3d at 776.

to allege an ability to tender loan proceeds. *See, e.g., Franz v. BAC Home Loans Servicing, LP*, Civ. No. 10-2025, 2011 WL 846835, at *3 (D. Minn. Mar. 8, 2011); *Hintz v. JP Morgan Chase Bank*, Civ. No. 10-119, 2010 WL 4220486, at *4 (D. Minn. Oct. 20, 2010).  In addition, courts have granted summary judgment in favor of defendants where the evidence shows that a TILA plaintiff cannot demonstrate an ability to tender the amount borrowed.  *See, e.g.*, *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 822 (4th Cir. 2007) (affirming grant of summary judgment for defendants on TILA rescission claim "given the appellants' inability to tender payment of the loan amount"); *Taylor v. Deutsche Bank Nat'l Trust Co.*, Civ. No. 10-149, 2010 WL 4103305, at *5 (E.D. Va. Oct. 18, 2010) (granting summary judgment on TILA rescission claim where plaintiff could not show ability to tender funds aside from selling the house "as a last resort").

Plaintiffs argue that the Supreme Court in *Jesinoski* eliminated tender as a requirement for rescission under TILA.  The Court disagrees.  In *Jesinoski*, the Supreme Court reached the narrow issue of whether Plaintiffs had to file a lawsuit to enforce a rescission under 15 U.S.C. § 1635, or merely deliver a rescission notice, within three years of the loan transaction.  *Jesinoski*, 135 S. Ct. at 792-93.  The Supreme Court determined that a borrower need only provide written notice to a lender in order to exercise a right to rescind.  *Id*.  The Court discerns nothing in the Supreme Court's opinion that would override TILA's tender requirement.  Specifically, under 15 U.S.C.

§ 1635(b), a borrower must at some point tender the loan proceeds to the lender.[7]

Plaintiffs testified that they do not presently have the ability to tender back the loan

proceeds.  (L. Jesinoski Dep. at 54, 202; C. Jesinoski Dep. at 118-119.)  Because

Plaintiffs have failed to point to evidence creating a genuine issue of fact that they could

tender the unpaid balance of the loan in the event the Court granted them rescission, their

TILA rescission claim fails as a matter of law on this additional ground.[8]

Plaintiffs argue that if the Court conditions rescission on Plaintiffs' tender, the

amount of tender would be exceeded, and therefore eliminated, by Plaintiffs' damages.

In particular, Plaintiffs claim over $800,000 in damages (namely, attorney fees), and

contend that this amount would negate any amount tendered.  Plaintiffs, however, have

not cited to any legal authority that would allow Plaintiffs to rely on the potential

recovery of fees to satisfy their tender obligation.  Moreover, Plaintiffs' argument

---

[7]     TILA follows a statutorily prescribed sequence of events for rescission that specifically discusses the lender performing before the borrower.  *See* § 1635(b).  However, TILA also states that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." *Id*.  Considering the facts of this case, it is entirely appropriate to require Plaintiffs to tender the loan proceeds to Defendants before requiring Defendants to surrender their security interest in the loan.

[8]     The Court acknowledges that there is disagreement in the District over whether a borrower asserting a rescission claim must tender, or allege an ability to tender, before seeking rescission.  *See, e.g. Tacheny v. M&I Marshall & Ilsley Bank*, Civ. No. 10-2067, 2011 WL 1657877, at *4 (D. Minn. Apr. 29, 2011) (respectfully disagreeing with courts that have held that, in order to state a claim for rescission under TILA, a borrower must allege a present ability to tender).  However, there is no dispute that to effect rescission under § 1635(b), a borrower must tender the loan proceeds.  Here, the record demonstrates that Plaintiffs are unable to tender.  Therefore, their rescission claim fails on summary judgment.

presumes that they will prevail on their TILA claims, a presumption that this Order forecloses.

### C.    Damages

Next, Defendants argue that Plaintiffs are not entitled to TILA statutory damages allegedly flowing from Defendants' decision not to rescind because there was no TILA violation in the first instance.  Plaintiffs argue that their damages claim is separate and distinct from their TILA rescission claim.

For the reasons discussed above, Plaintiffs' TILA claim fails as a matter of law. Without a TILA violation, Plaintiffs cannot recover statutory damages based Defendants refusal to rescind the loan.

### D.    State-law Claims

Plaintiffs' state-law claims under Minn. Stat. § 58.13 and Minnesota's Private Attorney General statute, Minn. Stat. § 8.31, are derivative of Plaintiffs' TILA rescission claim.  Thus, because Plaintiffs' TILA claim fails as a matter law, so do their state-law claims.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.    Defendants' Motion for Summary Judgment (Doc. No. [51]) is **GRANTED**.

2.      Plaintiffs' Amended Complaint (Doc. No. [7]) is **DISMISSED WITH**

**PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  July 21, 2016                          s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge